IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDRE G. VANN,                           No.  CIV.S-04-0562 DAD PS

      Plaintiff,

  v.                                       ORDER

COUNTY OF SACRAMENTO, et al.,

      Defendants.

_____/

This matter is before the court on defendants' motion for summary judgment, or in the alternative summary adjudication. Plaintiff, proceeding pro se, appeared on his own behalf at the hearing on the motion.  Demond L. Philson appeared on behalf of defendants.  Having considered all written materials submitted in connection with the motion, and after hearing oral argument, the court will grant defendants' motion for summary judgment.

**LEGAL STANDARDS**

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that

1

the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); see also Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Owen v. Local No. 169, 971 F.2d 347, 355 (9th Cir. 1992).

> The party moving for summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

"[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'"  Celotex Corp., 477 U.S. at 323.  Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  See id. at 322.  "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied."  Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine

issue as to any material fact actually does exist.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); see also First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968); Ruffin v. County of Los Angeles, 607 F.2d 1276, 1280 (9th Cir. 1979).  The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987).  Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'"  Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any.  Rule 56(c); see also SEC v. Seaboard Corp., 677 F.2d 1301, 1305-06 (9th Cir. 1982).  The evidence of the opposing party is to be believed, Anderson, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party.  Matsushita, 475 U.S. at 587 (citing United States v. Diebold, Inc., 369 U.S. 654, 655 (1962)); see also United States v. First Nat'l Bank of Circle, 652 F.2d 882, 887 (9th Cir. 1981).  Nevertheless, inferences are not drawn out of the air, and it

is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987).

Finally, "[a] scintilla of evidence or evidence that is merely colorable or not significantly probative does not present a genuine issue of material fact" precluding summary judgment. Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000). See also Summers v. Teichert & Son, Inc., 127 F.3d 1150, 1152 (9th Cir. 1997). On summary judgment the court is not to weigh the evidence or determine the truth of the matters asserted but must only determine whether there is a genuine issue of material fact that must be resolved by trial. See Summers, 127 F.3d at 1152. Nonetheless, in order for any factual dispute to be genuine, there must be enough doubt for a reasonable trier of fact to find for the plaintiff in order to defeat a defendant's summary judgment motion. See Addisu, 198 F.3d at 1134.

**ANALYSIS**

Plaintiff is employed as an Office Assistant II by the County of Sacramento. He initiated this action for discrimination in employment under Title VII of the Civil Rights Act of 1964, as amended. Plaintiff's one-page pro se complaint alleges that he was discriminated against on the basis of his sex by defendant Priscilla Hill, his immediate supervisor, and by defendant Elizabeth Foster-Ward, who is Ms. Hill's supervisor.

/////

4

According to the complaint, defendant Hill "would record [plaintiff's] absences and tardies as Absent Without Leave (AWOL) but allowed female coworkers to charge absences and tardies as vacation time." The complaint goes on to allege that both defendants Hill and Foster-Ward "have subjected me to differential treatment and harassment by charging me with AWOLs and scrutinizing my work and attendance causing an extremely stressful and hostile working environment." In this regard, the complaint refers to two specific instances when defendant Hill asked plaintiff to provide "a list of all my incomplete work and the reason for incompleteness. Hill has not requested any female employee to do this." It also refers to an incident where defendant Hill allegedly sent "an official timesheet correction" to human resources "to dock [plaintiff's] pay for pay period 5 ten minutes vacation time."[1] The complaint alleges that plaintiff has been "discriminated against because of my sex, male." Liberally construed, plaintiff's complaint alleges one cause of action for discrimination based on sex and another for sexual harassment resulting in a hostile work environment.

/////

/////

/////

/////

/////

---

[1] In the course of discovery, plaintiff also claimed that defendant Hill registered plaintiff for a seminar to improve certain work skills whereas she registered no female employees for that seminar.

5

Taking up first plaintiff's sexual discrimination claim,[2] to establish a prima face case of discrimination based on sex plaintiff must demonstrate that he: (1) belongs to a protected class; (2) was performing according to his employer's legitimate expectations; (3) was subject to an adverse employment action; and (4) similarly situated individuals outside of his protected class were treated more favorably.[3] Reeves v. Sanderson Plumbing, 530 U.S. 133, 142 (2000); Godwin, 150 F.3d at 1220.

Defendants persuasively argue that plaintiff has failed to raise a triable issue that similarly situated women were treated more favorably than he was. See Godwin, 150 F.3d at 1220. Plaintiff complains about the accounting of his absences and tardies; scrutiny of his work; and being registered for a seminar to improve his

---

[2] Sexual discrimination claims brought under Title VII are analyzed under the McDonnell-Douglas burden shifting framework. McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); Godwin v. Hunt Wesson, Inc., 150 F.3d 1217, 1219-20. The plaintiff must first present a prima facie case of discrimination. Godwin, 150 F.3d at 1220. The evidence required at this stage is minimal and need not meet the preponderance of the evidence standard. Id.; Aragon v. Republic Silver State Disposal Inc., 292 F.3d 654, 659 (9th Cir. 2002). If he succeeds in establishing a prima facie case, there is a rebuttable presumption that the defendant committed unlawful discrimination. Godwin, 150 F.3d at 1220; Dominguez-Curry v. Nevada Transp. Dept., 424 F.3d 1027, 1037 (9th Cir. 2005). If the defendant offers a legitimate reason for adverse employment action, the presumption is defeated and the burden shifts back to the plaintiff to create a genuine issue of material fact as to whether the proffered reason is pretext for discrimination. Godwin, 150 F.3d at 1220; Dominguez-Curry, 424 F.3d at 1037.

[3] There is no suggestion in plaintiff's complaint, or anywhere in the record, of direct evidence of discriminatory intent. See Godwin, 150 F.3d at 1220 ("The prima facie case may be based either on a presumption arising from the factors such as those set forth in McDonnell Douglas, or by more direct evidence of discriminatory intent.").

6

1 skills.  However, the uncontroverted evidence shows that similarly
2 situated females employees were not treated any more favorably in
3 this regard.  Plaintiff admitted at his deposition that the absences
4 and tardies of female coworkers were treated in the same manner as
5 his by superiors.  That is, similarly situated female employees also
6 were charged with being AWOL as a result of tardiness and
7 unauthorized absences.  (Dep. of Andre G. Vann ("Vann Dep.") at 94-
8 97, 101, Ex. D to Decl. of Demond L. Philson ("Philson Decl.").)
9 Defendant Hill also has averred that she charged her staff with AWOL
10 for tardiness and unauthorized absences, regardless of sex, in order
11 to deter attendance problems that were occurring in her office at the
12 time.  (Decl. of Priscilla Hill in Supp. of Mot. for Summ. J. ("Hill
13 Decl."), ¶¶ 6-9; see also Exs. 8, 35 and 36 to Pl.'s Opp'n.)
14 Likewise, male and female staff working under defendant Hill were
15 required to provide her with a list of work load and incomplete work
16 so that she could assess the proper apportionment of work among her
17 staff.  (Hill Decl. ¶ 10.)  Finally, a similarly situated female
18 staff member was also registered for the same work improvement
19 seminar that plaintiff claims no other female staff member was asked
20 to attend. (Hill Decl. ¶ 11.)

21       For these reasons, plaintiff has failed to raise a triable
22 issue that similarly situated women were treated more favorably.  As
23 such, he is unable to establish a prima face case on his claim of
24 /////
25 /////
26 /////

7

sexual discrimination. Defendants therefore are entitled to summary judgment in their favor on that claim.[4]

Next, with respect to whether plaintiff was subjected to a hostile work environment, plaintiff's comments at the hearing on this motion strongly suggest that any hostile work environment claim is not the focus of his lawsuit. Rather, the crux of his complaint is that he was "singled out" because he is a man and treated unfavorably compared to his female coworkers. In any event, out of an abundance of caution, the court has considered whether plaintiff, as a person bringing a hostile work environment claim, is able to meet his burden of establishing that: (1) he was subjected to verbal or physical conduct of a sexual nature; (2) the conduct was unwelcome; and (3) the conduct was "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Fuller v. City of Oakland, Calif., 47 F.3d 1522, 1527 (9th Cir. 1995)(quoting Ellison v. Brady, 924 F.2d 872, 875-76 (9th Cir. 1991)).

Here, plaintiff has failed to raise a triable issue that he was subjected to verbal or physical conduct of a sexual nature or that the alleged conduct of his superiors was sufficiently hostile or abusive. Plaintiff's deposition testimony indicates that defendant

---

[4] Plaintiff's citation at the hearing to Exhibits 9, 10, 12, 13, 14 and 17 to his opposition is unpersuasive. Even assuming those documents were to survive the hearsay and authentication objections of defendants, at most they suggest that some employees felt defendant Hill "played favorites" among her staff. They do not suggest that any such favoritism, even if it existed, was based on the sex of any staff member.

8

Hill was "very callous, very short and abrupt in communication, very brash in communication" with plaintiff; "wasn't nice" to plaintiff; was not approachable; and made the isolated remark that she could make plaintiff's life "miserable." (Pl.'s Dep. at 111-14.)  However, even drawing all reasonable inferences in favor of plaintiff, there has been no showing that defendant Hill's conduct in this regard, or any other conduct,[5] was of a sexual nature.  Indeed, plaintiff also testified that at no time did defendants direct any sexual or gender-related slurs toward him.  (Pl.'s Dep. at 112-13.)

Nor were the isolated remarks and actions about which plaintiff complains sufficiently severe or pervasive.  See Clark County School Dist. v. Breeden, 532 U.S. 268, 270-71 (2001) ("[W]hether an environment is sufficiently hostile or abusive must be judged by looking at all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.")(internal quotations and citations omitted).

/////

---

[5] To his opposition plaintiff has attached documents reflecting an e-mail and voice mail exchanges at work between himself and another employee at the County whom plaintiff describes as an ex-girlfriend and current friend.  Those exchanges are laden with profanity.  Plaintiff has apparently offered this evidence to suggest that the defendants treated him unfairly in connection with a workplace violence complaint filed by his ex-girlfriend stemming from his e-mail and voice mail exchanges with her.  However, these e-mails and voice mail messages, while laced with profanity by both plaintiff and his ex-girlfriend, did not involve the defendants and have no relevance to plaintiff's claims against the defendants that are set out in his complaint.

For these reasons, plaintiff has failed to raise a triable issue that he was subjected to verbal or physical conduct of a sexual nature that was sufficiently hostile or abusive.  He has likewise failed make a prima face showing with respect to any such claim. Therefore, summary judgment in defendants' favor will be granted as to plaintiff's hostile work environment claim due to plaintiff's complete failure of proof.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that defendants' motion for summary judgment is granted and this action is dismissed in its entirety.

DATED: March 31, 2006.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
DDad1\orders.prose\vann0562.msj

10